KUCIA, Admr. v. NATIONAL TUBE CO.

Ohio Appeals, 9th Dist., Lorain Co.

No. 330.    Decided Oct. 10, 1925

829. NEGLIGENCE—Before case may be submitted to jury statement of counsel for plaintiff must tend to show that defendant owed decedent a duty which it failed to discharge, and this not being so, no actionable negligence is shown.

WASHBURN, J.

Wojciech Kucia, sued in the Lorain Common Pleas to recover damages from the National Tube Co. for the wrongful death of a son, seven years of age. After the opening statement of counsel for Kucia, the trial court on motion of the Company directed a verdict in its favor.

Error was prosecuted and it was claimed that giving to the opening statement of counsel, the most favorable interpretation it will reasonably warrant, facts were stated which would require the court to submit the case to the jury.

It seems that the Company had certain land which it permitted its employees to use for gardening purposes. On said land was a bridge spanning a river. The children were in the habit of playing on the premises and in the vicinity of the bridge, and of crossing and re-crossing said bridge, One day, while playing on the bridge, the decedent leaned against a guard rail, and by reason of its being rotten and insecure, which condition was not perceptible, the decedent fell into the stream and was drowned. It was further claimed that the Company knew that the children of the neighborhood played upon said premises, and frequently used said bridge. The Court of Appeals held:

1. The determining question is whether or not the facts stated by counsel, when given the most favorable interpretation of the court warranted the conclusion that the Company owed a duty to the decedent and was negligent in the performance of that duty.

2. "A motion to take the cause from the jury made after plaintiff's opening statement is an admission by the defendant, for the purpose of the motion, of the truth of all statements that the plaintiff purposes to establish by the evidence, leaving no disputed question of fact to be determined by the jury, the only remaining question being one of law for the court." Cornell v. Morrison, 87 OA. 215.

3. The statement of counsel did not include a claim that the company knew that said guard rail was out of repair, nor that said decedent was a member of a family having a garden upon said property; or that his being there even had any connection whatever with use of said premises; or that he went upon said premises because of the inducement, allurement or enticement of the Company; nor was there any suggestion that the statical condition of the premises was made perilous by any active and negligent operation of said defendant company.

4. "Actionable negligence exists only where the one whose act causes or occasions the injury, owes to the injured person a duty created either by contract or by operation of law, which he has failed to discharge." Hannan v. Ehrlich, 102 OS. 176.

5. "It is not the duty of an occupier of land to exercise care to make it safe for infant children who came upon it without invitation but merely by sufferance." Railway Co. v. Harvey, 77 OS. 235.

6. The fact that the company did not know the weak condition of the guard rail and was not guilty of any active and negligent operation which caused the injury, distinguishes the case at bar from those cited by counsel for plaintiff.

7. The trial court was right in deciding that the facts stated by counsel, liberally construed and presumed to be true, did not establish any legal duty which the defendant company owed the decedent and which it failed to discharge; and therefore no actionable negligence was shown.

Judgment affirmed.

Attorneys—John M. Pindras and Harry M. Redington, Elyria, for Kucia; Squire, Sanders & Dempsey, Cleveland, for Company.