For full opinion see 40 OLR 384; 192 NE 270; 47 Oh Ap 495.

**COLLINS, Admr, Etc v SUTTER et**

Ohio Appeals, 9th Dist, Summit Co

No 2495. Decided Oct 8, 1934

Geo. B. Wells, Akron, and Geo. Hargreaves, Akron, for plaintiff in error.
W. A. Woodling, Akron, and A. H. Johnson, Akron, for defendants in error.

T. B. Mateer, Mt. Gilead, and Ulrey & Ashbaugh, Columbus, for plaintiffs in error.
W. P. Vaughan, Cardington, Benj. Olds, Mt. Gilead, C. H. Wood, Mt. Gilead, and Walter Dressel, Columbus, for defendants in error.

## OPINION

By FUNK, J.

Under this state of facts and the allega-- tions of the petition, which counsel for plaintiff stated they expected to prove, and under the language used by the reviewing courts of Ohio in their decisions in cases.

involving the liability of the owners of property to children injured while playing on or about so-called unprotected or unguarded attractive nuisances or dangerous instrumentalities, we think the trial court was wrong in holding that, after giving plaintiff the benefit of all reasonable inferences to be drawn from the facts which counsel stated they expected the evidence to show, the plaintiff had no cause of action against the defendants, for the reason that, since the fire escape was entirely upon private property, the defendants owed no duty to the plaintiff.

It will be noted that, if the fire escape was not in the alley, which alley, as before stated, was used by the public generally, it bordered immediately upon the alley, and that, so far as appearances were concerned, one might easily take it to be in a part of the alley, so that it was as open and in as clear view as if it were a part of said alley, especially when said steps of said fire escape were down to the ground, which they usually were.

A careful reading of the decisions involving the liability of the owners of property to children injured while playing on or about so-called attractive nuisances or dangerous instrumentalities, discloses that Ohio courts recognize the principle that the liability of such owners depends largely not only upon whether such nuisances or instrumentalities are located on private property or in public places, but also, when located on private property, upon their proximity to public streets or alleys; that is, whether or not they are located in plain view and are easily accessible from the street or alley, and also whether or not such owners had knowledge that children were in the habit of playing on or about such nuisances or instrumentalities. These distinctions are based upon the theory that, while the presence of children on private property cannot always be reasonably anticipated, their presence upon public streets and alleys is to be invariably expected, so that it is incumbent upon the owners of property in such locations to take precautions for their safety and have such instrumentalities or nuisances properly protected or guarded, when they are upon or partly upon or very close to streets where the owner knows that children are in the habit of playing, and where the instrumentalities are in plain view and are easily accessible to children.

45 Oh St 11, Harriman v Railway Co.

77 Oh St 235, at pp. 258 and 259, Railroad Co. v Harvey.

98 Oh St 306, Ziehm v Vale.

102 Oh St 176, at pp. 187 and 188, Hannan, Admr. v Ehrlich.

111 Oh St 108, at pp. 112 and 113, DeGroodt v Skrbina.

120 Oh St 438, at top of p. 442, and last sentence on same page, Illuminating Co. v Van Benshoten.

122 Oh St 368, at p. 372, Sharp Realty Co. v Forsha.

23 Oh Ap 453, at p. 456, Kucia, Admr. v National Tube Co., (3 Abs 650).

The statement of counsel in the instant case, and the reasonable inferences deducible therefrom, when liberally construed in favor of the plaintiff, show that defendants had been repeatedly warned of the situation, and that children of the neighborhood were in the habit of playing upon this section of the fire escape that extended to the ground, for the purpose of riding up and down upon it, and that if the steps, when down, were not actually resting on a part of the alley, they were very close to the alley, and that the place where they rested was used as a part of the alley.

If this part of the fire escape had been properly cared for and kept in its proper place where it was intended to have been kept, and so it could not be reached from the ground except by some independent means, we would have had an entirely different situation.

We are therefore of the opinion that there were sufficient facts stated to require the court to overrule said motion to direct a verdict for defendants.

The judgment is accordingly reversed, and the cause remanded for further proceedings according to law.

WASHBURN, PJ, and STEVENS, J, concur in judgment.